UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KREISLER & KREISLER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV956 CDP |
| | ) | |
| NATIONAL CITY BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Kreisler & Kreisler, LLC brought this breach of contract suit against National City Bank and PNC Bank Corp. (collectively PNC). Kreisler seeks to represent a class of similarly-situated commercial loan borrowers. It claims PNC breached the terms of its promissory note by charging borrowers a higher interest rate than they agreed to in the contract. Specifically, plaintiff alleges that the yearly interest rate charged was 101.4% higher than the "per annum" rate listed in the note, because PNC used a "365/360" method of calculating interest. Plaintiff claims the "365/360" formula listed in the note is incomprehensible, and so PNC must charge only the stated "per annum" rate.

PNC seeks dismissal of the complaint, arguing that the rate charged was the rate agreed to, that the loan documents adequately disclosed the calculation method, and that use of the term "per annum" did not preclude the use of the "365/360" calculation method. I agree with PNC and conclude that the plain

language of the note adequately discloses the calculation method and the use of this method is not unlawful under prevailing Illinois law.  Because the interest charged is the interest set out in the note, plaintiff cannot state a claim for breach of contract, and so I will grant PNC's motion to dismiss.

## **Discussion**

Kreisler borrowed $48,407.35 from PNC and signed the promissory note at issue on April 9, 2009.  One month later, Kreisler filed a complaint in the Circuit Court of St. Clair County, Illinois, challenging the transaction.  After PNC removed the case to the United States District Court for the Southern District of Illinois, Kreisler voluntarily dismissed it.  In May of 2010 it filed this case, based on the same commercial loan transaction.  PNC then moved to dismiss the case.

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).  The purpose of such a motion is to test the legal sufficiency of the complaint.  When considering a 12(b)(6) motion, the court should assume all factual allegations of a complaint are true and construe them in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  To avoid dismissal for failure to state a claim, the complaint must contain " a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  While the complaint need not contain detailed factual allegations, the

plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 550 U.S. at 555. The plaintiff must allege facts sufficient to give fair notice of what the claim is, the grounds upon which it rests, and raise a right to relief above a speculative level. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 551 U.S. 89, 94 (2009).

The parties agree that Illinois law governs this case. Under Illinois law, the primary rule of contract construction is that the intention of the parties governs. *Premier Title Co. v. Donahue*, 765 N.E.2d 513, 516 (Ill. App. 2002). When the language of the contract is clear, the objective intent of the parties is determined from its plain language. *Id.* The language in the contract must be given its plain and ordinary meaning, *id.*, however, the words "derive their meaning from the text in which they are used," *Peck v. Froehlich*, 853 N.E.2d 927, 932 (Ill. App. 2006). Construction depends on the document as a whole, so I will not focus on isolated provisions and none of the contract terms will be considered mere surplusage. *Premier Title*, 765 N.E.2d at 516, 518. To state a claim for breach of contract the complaint must allege that a contract existed, that the plaintiff performed of all its contractual obligations, facts constituting the alleged beach, and that damage resulted from the breach. *Costa v. Stephens-Adamson, Inc.*, 491 N.E.2d 490, 492 (Ill. App. 1986).

The complaint alleges that Kreisler entered a commercial loan contract with PNC and signed a promissory note. It further alleges that Kreisler and the Class performed all contractual obligations by paying monthly installment payments. Where the complaint falls short is in its attempt to allege facts constituting a breach. Kreisler claims PNC breached the terms of its promissory note by using an unintelligible interest calculation formula which was not adequately disclosed. By using this formula, Kreisler argues, PNC charged an interest rate that was higher than the note's stated per annum interest rate.

Kreisler's note is only three pages. It states, in relevant part, that:

> The annual interest rate for the note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding . . . "Prime Rate" means the fluctuation rate per annum which is publicly announced from time to time by Lender as being its "prime rate" or "base rate" . . . The interest rate to be applied to the unpaid principal balance during the note will be at a rate of 1.000 percent point over the Index.

A number of courts have discussed the 365/360 method of calculating interest. It is one of the three interest rate calculation methods banks have developed because "the Gregorian calendar makes it impossible to have both equal daily interest charges and equal monthly interest charges throughout the year." *In re Oil Spill by the "Amoco Cadiz" v. Amoco Transport Co.*, 4 F.3d 997, 1993 WL

360955, *1 (7th Cir. 1993). The other two methods are the 365/365 method and the 360/360 method. *Id.*

> Under the 365/365 method each day has the same interest charge; the bank simply divides the annual interest rate by 365 to get a daily interest factor, applied to each day of the year. Under the 360/360 method each month carries the same interest charge; every completed month is assumed to have thirty days, and accumulates one-twelfth of the annual interest. Interest for incomplete months is calculated by dividing the number of days by 360. At the end of a year both of these methods produce the same interest because in each case the calculation will be Principal x Rate x 1. The 365/360 method is a hybrid. Here the bank first divides the annual interest rate by 360 to produce a daily interest factor. It then applies that factor to each of the 365 or 366 days in the year, even though the borrower has paid the nominal 'annual' interest due after 360 days. Thus this method generates five or six extra days of interest for the bank each year, increasing the effective interest rate for the calendar year by 1/72.

*Id.* at 1-2 (internal citations and quotations omitted).

At least two Ohio courts have held that motions to dismiss should be denied in breach of contract cases because the same language laying out the 365/360 formula at issue here was found ambiguous or unintelligible. *See Ely v. Firstmerit Bank*, Case No. 93345, 2010 WL 125960, at *3 (Ohio App. 2010); *JNT Properties v. Key Nat'l Bank*, Case No. CV 09-681873 (Ohio Com. Pleas Sept. 2009). Plaintiff relies on these cases, and also relies on several decisions of the trial courts in St. Clair County, Illinois, denying similar motions to dismiss in breach of contract cases when faced with similar arguments. *See Kitson v. Bank of Edwardsville*, Case No. 02-L-0807 (Ill. Cir. Jan. 24, 2008); *Patterson v. Regions*

- 5 -

*Bank*, Case N. 06-CH-436 (Ill. Cir. Mar. 27, 2008); *Martinucci v. First Suburban Nat'l. Bank*, Case No. 09-L-12936 (Ill. Cir. Apr. 8, 2010). But both an Illinois appellate court and an Illinois federal court have recently found that use of a 365/360 calculation method in conjunction with a stated per annum interest rate is not unlawful, ambiguous, or conflicting. *See Bank of America v. Shelbourne*, 732 F.Supp.2d 809 (N.D. Ill. 2010); *RBS Citizens, Nat'l Ass'n. v. RTG-Oak Lawn, LLC*, No. 1-10-1729, 2011 WL 477737 (Ill. App. 2011). These decisions are controlling law and I will follow them, instead of the state trial courts. I also agree that their analysis is correct, and note that at least one trial court in St. Clair County did dismiss a breach of contract case when faced with similar arguments, *see Devermann v. Archer Bank*, Case No. 09 CH 17176 (Ill. Cir. Dec. 3, 2009).

In *Bank of America*, the United States District Court for the Northern District of Illinois held that use of the 365/360 method could not be the basis for a breach of contract counterclaim. *Bank of America*, 732 F.Supp.2d at 828. The loan agreement stated that the interest rate would be one percentage point above an identified rate, per annum, and stated that the interest would be computed "on the basis of a 360-day year and the actual number of days elapsed." *Id.* at 823. The court said that this described the 365/360 method. It held that the loan agreement was not ambiguous and that "there is no conflict between using the

365/360 method and stating that the applicable interest rates were per annum." *Id.* at 823-24.

In *RBS Citizens*, the Illinois Court of Appeals affirmed an order striking and dismissing, with prejudice, the borrower's affirmative defenses and counterclaims for, among other things, breach of the duty of good faith and fair dealing. *RBS Citizens*, 2011 WL 477737 at *8. The agreement stated that the interest rate would be an applicable margin above an identified rate, per annum, but calculated the interest on a 365/360 basis. The allegations revolved around "the general contention that RBS did not disclose its method of computing and charging interest, and unlawfully increased the amount of interest charged on the" loan. *Id.* at *1. The RBS court made two findings that are particularly relevant in this case. First, it found that the sections of the agreement stating the per annum rates did not discuss how the overall interest rate would be calculated or charged, but that a proceeding paragraph explicitly addressed the question. *Id.* at *4. It went on to hold that the interest provision was unambiguous and nothing in the record showed that the terms were concealed from the borrower. *Id.* It then struck the counterclaims and defenses.

The *RBS Citizens* trial court noted that although "attorneys for borrowers are shopping the 365/360 Interest Act defense around in various forums," the argument had not be accepted by Illinois courts other than *Kitson*, *supra*. *RBS*

*Citizens Nat"l Assn. v. RIG-Oak Lawn, LLC*, Case No. 09-CH-8149 at 9 (Ill. Cir. Cook Cty. Jan 20, 2010). It pointed to several cases rejecting the argument made here, including a case from the Circuit Court of St. Clair County which involved both a breach of contract claim and the same 365/360 formula at issue here. *See Devermann v. Archer Bank*, Case No. 09 CH 17176 (Ill. Cir. Dec. 3, 2009). In *Devermann*, Count II of the plaintiff's complaint was for breach of contract, the promissory note stated the interest would be 8.000% per annum, and the promissory note contained the same 365/360 formula at issue here. The court granted a motion to dismiss Count II with prejudice.

The promissory note here, like the agreements in *Bank of America* and *RBS Citizens*, was unambiguous, adequately disclosed the use of the 365/360 method, and lawfully used that method in conjunction with a state per annum interest rate. Like in *Bank of America* and *RBS Citizens*, Kreisler's note stated that the interest rate would be an applicable margin above an identified rate, per annum, but the interest rate would be calculated on a 365/360 basis. Similar to the plaintiff in *RBS Citizens*, Kreilser argues that PNC did not disclose its method of computing interest, and that PNC unlawfully increased the amount of interest charged on the loan.

Kreisler is careful not to argue that the language of the note is ambiguous because that argument has been soundly rejected by Illinois courts. Instead,

Kreisler argues that the language is "unintelligible." I conclude that the language is neither ambiguous nor unintelligible. And because the language was not ambiguous, just as the language in *Bank of America* and *RBS Citizens*, the disclosure in the note was adequate. The note was only three pages in its entirety. The paragraph immediately proceeding the per annum interest rate stated that the computation method would be "365/360" and that it would calculate interest based on "a year of 360 days." Again, the 365/360 method is one of the three commonly used interest calculation methods and the loan that is the subject of this case is a commercial loan. "A person may not enter into a transaction with his eyes closed to available information and then charge that he has been deceived by another[,]" and application of this rule is "particularly appropriate where the parties to the agreement are sophisticated business persons." *Bank of America*, 732 F.Supp.2d at 826; *RBS Citizens*, 2011 WL 477737 at *6.

Kreisler has made every attempt to distinguish its claims from similar claims that have failed and pointed to cases from St. Clair County and Ohio denying motions to dismiss where the same language laying out the 365/360 formula at issue here was used. PNC, however, has pointed to at least one case, *Devermann*, from St. Clair County, doing the opposite. It has also pointed to persuasive authority from the Illinois Court of Appeals and the Northern District of Illinois showing that it is not unlawful or conflicting, under Illinois law, to use the

365/360 method to calculate a stated per annum interest rate and that the plain language of the note allows PNC to charge an interest rate calculated on a 365/360 basis. Kreisler has not plead claims that raise a right to relief above a speculative level.

Accordingly,

**IT IS HEREBY ORDERED** that:

1. Defendants' motion for leave to submit additional supplemental authority [#32] is **GRANTED**.

2. Defendants' motion to dismiss [#12] is **GRANTED**, and plaintiff's complaint is dismissed in its entirety. A judgment in accordance with this ruling will be issued this same date.

3. All other pending motions are **DENIED** as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2011.